UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LU WANG and YONG CHENG,<br><br>   Plaintiffs,<br><br>   v.<br><br>FCA US LLC, and DOES 1-10, inclusive,<br><br>   Defendants. | Case No. 8:24-cv-02060-JWH-KES<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND [ECF No. 15]** |

Before the Court is the motion of Plaintiffs Lu Wang and Yong Cheng to remand this case to Orange County Superior Court.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court **DENIES** Plaintiffs' Motion.

## I. BACKGROUND

Plaintiffs commenced this action in Orange County Superior Court in August 2024.[3]  In their Complaint, Plaintiffs assert five claims against Defendant FCA US LLC based upon violations of the Song-Beverly Consumer Warranty Act.[4]

FCA removed this action to this Court in September 2024 on the basis of diversity jurisdiction.[5]  Plaintiffs filed the instant Motion in November 2024.[6]  In their Motion, Plaintiffs assert that FCA cannot establish diversity jurisdiction because FCA cannot satisfy its burden to show that the amount in controversy in this matter exceeds $75,000.[7]  Plaintiffs did not, however, concede that they

---

[1] Pls.' Mot. to Remand (the "Motion") [ECF No. 15].

[2] The Court considered the documents of record in this action, including the following papers:  (1) Notice of Removal (including its attachments) [ECF No. 1]; (2) Compl. (the "Complaint") [ECF No. 1-1]; (3) Motion; (4) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 16]; (5) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 17]; (6) Pl.'s Suppl. Briefing in Supp. of the Motion (the "Supplemental Brief in Support") [ECF No. 20]; and (6) Def.'s Suppl. Opp's to the Motion (the "Supplemental Opposition") [ECF No. 21].

[3] *See* Complaint.

[4] *See generally id.*

[5] *See* Notice of Removal.

[6] *See* Motion.

[7] *See generally id.*

seek a monetary judgment of $75,000 or less.[8] Therefore, on its own motion, the Court granted FCA leave to engage in jurisdictional discovery and ordered the parties to submit supplemental briefing on the amount in controversy.[9]

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

---

[8]  *See id.*

[9]  *See* Order Regarding Pl.'s Mot. to Remand (the "Jurisdictional Discovery Order") [ECF No. 18].

The right to remove is not absolute, even when original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

### III. ANALYSIS

Based upon its jurisdictional discovery, FCA estimates that Plaintiffs seek at least $51,278.67 in restitution, based upon the price of the vehicle less a rebate and reasonable allowance, as well as $102,557.34 in civil penalties.[10] Plaintiffs also seek attorneys' fees, prejudgment interest, and punitive damages.[11]

Plaintiffs do not contest that the vehicle is valued at roughly $64,000, nor that they seek civil penalties, attorneys' fees, prejudgment interest, and punitive damages.[12] Nevertheless, Plaintiffs maintain that FCA has not met its burden to establish that the amount in controversy exceeds $75,000.[13] According to Plaintiffs, FCA's estimates are speculative because civil penalties and prospective attorneys' fees may not be included in the amount in controversy.[14]

---

[10]    *See* Supplemental Opposition 2:17-19 & 3:2-4.

[11]    *See id.* at 2:6-9.

[12]    *See generally* Supplemental Brief in Support.

[13]    *See id.*

[14]    *See generally id.*

Plaintiffs' arguments border on frivolous. The Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases. *See, e.g., Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007); *see also Morey v. Louis Vuitton North Am., Inc.*, 561 F. App'x 642, 643 (9th Cir. 2011) (including Song-Beverly civil penalties in amount-in-controversy calculation). The Ninth Circuit has also held repeatedly that attorneys' fees may "be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022). The Song-Beverly Act permits a successful plaintiff to recover reasonable attorneys' fees, so attorneys' fees must be included when calculating the amount in controversy here. *See* Cal. Civ. Code § 1794(d).

To the extent that Plaintiffs cite cases in which other district courts refused to include civil penalties or attorneys' fees in the amount-in-controversy calculation absent some showing that those fees are likely to be awarded, the Court respectfully disagrees with those decisions and finds them inapposite. "The amount in controversy is not a prospective assessment of a defendant's liability." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (quotation and alterations omitted). Accordingly, "if a plaintiff claims at the time of removal" that she intends to recover penalties, damages, or costs that the law permits her to recover—including "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes"—"then there is no question" that those amounts are "at stake," no matter the "likelihood" of actual recovery. *Id.* The Court thus disagrees that FCA must demonstrate a likelihood of success in order to avail itself of federal jurisdiction.

Regardless, FCA does sufficiently "justify" the inclusion of civil penalties and attorneys' fees by "pointing to allegations in the Complaint" that support

awarding those fees. *See Herko v. FCA US LLC*, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019).  As FCA notes in its Supplemental Opposition,[15] Plaintiffs allege in their Complaint not only that FCA acted willfully, but also that FCA committed fraud by concealing problems with the transmission in the vehicle and refusing to repair or replace the vehicle by blaming "symptoms of the defects on other issues and not the actual defect itself."[16] Plaintiffs then aver that they are "entitled" to a civil penalty of two times their actual damages, pursuant to the Song-Beverly Act.[17] Because the Song-Beverly Act permits a plaintiff to recover "a civil penalty which shall not exceed two times the amount of actual damages" if the plaintiff "establishes that the failure" to comply with the Song-Beverly Act "was willful," Cal. Civ. Code § 1794(2)(c), FCA has sufficiently, even if unnecessarily, justified the inclusion of the civil penalties.

The amount that Plaintiffs seek in restitution, together with the civil penalties, exceeds the $75,000 diversity jurisdiction minimum, so the Court concludes that removal was proper.

Accordingly, the Court **DENIES** Plaintiffs' Motion.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiffs' instant Motion to remand [ECF No. 15] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 28, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[15] *See* Supplemental Opposition 2:21-28.
[16] *See* Complaint ¶¶ 48, 54, & 61.
[17] *Id.* at ¶ 55.